UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

ROBERT E. BROWN,

                    Defendant.

No. CR-96-096-FVS

ORDER DENYING THE
DEFENDANT'S MOTION FOR A
REDUCTION OF HIS PRISON
TERM

**THIS MATTER** comes before the Court without oral argument based upon the defendant's motion for a reduction of his prison term. He is representing himself.

**BACKGROUND**

During 1996, a jury found Robert Brown guilty of the crime of possession with intent to distribute cocaine base. 21 U.S.C. § 841(a)(1). He was sentenced during 1997. Since he previously had been convicted of a felony drug offense, and since he possessed 50 grams or more of a substance containing cocaine base (in fact, he possessed 230.2 grams), the statutory mandatory minimum was 240 months imprisonment. 21 U.S.C. § 841(b)(1)(A)(iii). However, his guideline range was higher still, *viz.*, 292-365 months. The Court sentenced him to 292 months imprisonment, the low end of the guideline range. His conviction and sentence were affirmed on appeal. His collateral attacks upon the judgment were rejected. Thus, his sentence remained

ORDER - 1

unchanged until 2008.  Effective March 8th of that year, Amendment 706 reduced the base offense level for offenses involving cocaine base. Mr. Brown requested a reduction of his prison term pursuant to Amendment 706.  The Court granted his motion and sentenced him to a term of 240 months imprisonment, which was the statutory mandatory minimum.  During 2010, Congress passed the Fair Sentencing Act ("FSA"), Pub.L. No. 111-220, 124 Stat. 2372 (2010) (codified in scattered sections of title 21 U.S.C.).  Not only did the FSA change the crack cocaine to powder cocaine ratio from 100:1 to about 18:1, *United States v. Orr*, 636 F.3d 944, 957 (8th Cir.2010), but also the FSA increased the quantities of crack cocaine that trigger statutory mandatory minimum sentences.  *United States v. Baptist*, 646 F.3d 1225, 1226-27 (9th Cir.2011) (per curiam).  In order to promptly effectuate the changes that were effected by the FSA, the Sentencing Commission first promulgated a temporary amendment (Amendment 748) and then a permanent amendment (Amendment 750).  *United States v. Sardinha*, Cr. No. 02-00272 DAE-04, 2011 WL 5884016, at *2 (D.Hawaii Nov. 23, 2011). Amendment 750 became effective on November 1, 2011.  On November 3rd, Mr. Brown filed a motion seeking a reduction of his prison term.

**RULING**

Mr. Brown is seeking a reduction of his prison term pursuant to Amendment 750.  As a general rule, a district court is authorized to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)[.]"  18 U.S.C. § 3582(c)(2).  However, "a reduction in

ORDER - 2

the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) . . . if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment. (n.1(A)) (Nov. 1, 2011). This is such a case. Mr. Brown is serving the statutory mandatory minimum sentence that existed when he was sentenced. Although, under the FSA, he would not be subject to the same statutory mandatory minimum sentence were he sentenced today, the fact remains he was sentenced long before the enactment of the FSA. He may take advantage of the terms of the FSA only if it applies retroactively. It does not. *Baptist*, 646 F.3d at 1229). Since the FSA does not apply retroactively, and since Mr. Brown is serving the statutory mandatory minimum sentence, Amendment 750 does him no good. His request for relief under Amendment 750 must be denied.

**IT IS HEREBY ORDERED:**

1. The defendant's motion to modify the term of imprisonment he is serving (**ECF No. 151**) is **denied.**

2. The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to the defendant and to counsel for the government.

**DATED** this ___9th___ day of December, 2011.

                           s/Fred Van Sickle
                        Fred Van Sickle
                   United States District Judge

ORDER – 3